```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```
| | |
|---|---|
| JOHN SMITH, : | |
| Petitioner, : | **REPORT AND RECOMMENDATION** |
| - against - : | **TO THE HONORABLE RICHARD J. SULLIVAN**[*] |
| FEDERAL BUREAU OF PRISONS; : WARDEN, OTISVILLE FCI; UNITED STATES OF AMERICA, : | 11 Civ. 8825 (RJS) (FM) |
| Respondents. : | **TO BE FILED UNDER SEAL** |

```
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/2012

**FRANK MAAS**, United States Magistrate Judge.

Petitioner John Smith ("Smith") brings this proceeding pseudonymously,[1] pursuant to 28 U.S.C. § 2241 ("Section 2241"), to challenge the execution of two concurrent sentences that were imposed in the United States District Court for the Eastern District of New York, but which he is serving in this District. In his Petition ("Petition" or "Pet."), Smith contends that the Federal Bureau of Prisons ("BOP") should have granted him credit against those sentences for time that he previously spent in custody between June 2, 2004, the date he was arrested on a felony weapons possession charge, and August 7, 2006, when he completed serving the thirty-month sentence imposed following his guilty plea to that charge. In Smith's view, this adjustment is required because the

---

[*] This Report and Recommendation was prepared with the assistance of Shantal Sparks, a student at New York Law School.

[1] Smith is enrolled in the Witness Security Program, and thus filed this proceeding using a fictitious name.

criminal conduct underlying his current sentences and his prior sentence arises out of the same set of facts, thus compelling the BOP to treat all three sentences as a single sentence for purposes of calculating his release date.

For the reasons set forth below, the Petition should be denied.

I. Background

    A. Prior Weapons Charge

On June 2, 2004, Smith was arrested after he transferred a handgun to a cooperating witness on July 23, 2003. (ECF No. 2 ("Pet'r's Mem.") at 2; (ECF No. 11 (Decl. of Dennis Melick dated Feb. 15, 2012 ("Melick Decl.")) Ex. 1). Smith subsequently entered into a plea agreement, pursuant to which he pleaded guilty in the Eastern District of New York to a charge of felony weapons possession. (Id.). On March 4, 2005, Judge Nicholas Garaufis sentenced Smith to a term of thirty months in prison, to be followed by three years of post-release supervision. (Id.). In calculating Smith's release date, the BOP gave him credit for the time he was in custody between June 2, 2004, when he was arrested, through March 3, 2005, the date prior to when his sentence was imposed. (Id.). Smith completed serving his sentence on August 7, 2006, but remained in BOP custody because a detainer had been lodged on July 24, 2006, in connection with racketeering charges.

    B. Subsequent Offenses

On April 20, 2005, Smith entered a plea of guilty in the Eastern District to a racketeering conspiracy charge. (Pet'r's Mem. at 2). On August 9, 2005, in a separate

criminal action in the Eastern District, Smith entered a plea of guilty to charges of murder in aid of racketeering, and making a false statement contained in a separate criminal information. (Id. at 3).

On December 2, 2008, Judge Sandra L. Townes, to whom both of the later cases were assigned, sentenced Smith to 100 months of imprisonment on the racketeering charge and a concurrent sentence of 180 months on the murder in aid of racketeering and false statement charges. (Melick Decl. ¶ 6).

In calculating Smith's release date with respect to the three later charges, the BOP determined that he was entitled to receive credit for the time spent in federal custody after the expiration of his felony weapons possession sentence. (See id. Exs. 5, 6). Accordingly, Smith received credit against his concurrent sentences for the period from August 8, 2006, through December 1, 2008. Based on this computation, and a projection of his good conduct time, the BOP anticipates that he will be released on September 1, 2019, when he completes his 180-month sentence. (Id. Ex. 6).

C.   Administrative Review of Sentence Calculation

After learning of the BOP's sentence calculations, Smith submitted a request that the BOP regional office credit against his current sentences the time he previously had spent in custody between June 2, 2004, the date of his arrest on the prior weapons offense, and August 7, 2006, the date he completed serving his sentence on that charge. (Pet'r's Mem. at 4). Following the denial of that request, Smith submitted an appeal to the BOP. (Id. Ex. A at 1). In that appeal, dated September 17, 2010, Smith contended that the BOP

had the authority under Title 18, United States Code, Section 3585(b) ("Section 3585(b)") to determine that the conduct underlying the felony weapons possession and later charges was related because all of the charges arose out of "overlapping conduct." (Pet'r's Mem. Ex A at 1). Smith contended that he therefore was entitled to a credit for all of the time that he served in connection with the felony weapons possession charge.

On December 8, 2010, the BOP's National Inmate Appeals Division denied Smith's appeal. (Id. Ex. A at 2). In its written decision, the Division held that a defendant's prior sentence credit is controlled by Section 3585(b). (Id.). As the Division explained, because Smith received credit for the prior period "toward [his first] federal sentence, credit for that period may not also be applied toward [his subsequent] (and current) federal sentence[s]." (Id.).

D.   Habeas Petition

On December 5, 2011, Smith filed this proceeding asserting that he is entitled to receive credit against his current sentences for the time that he previously spent in custody because the criminal conduct underlying his felony weapons possession sentence stemmed from the same conduct as his racketeering sentence. Specifically, Smith contends that the weapon he was arrested for possessing, and which resulted in his weapons possession conviction, was the same one used in the commission of racketeering predicate offenses. Thus, Smith claims that (1) the BOP had the authority to treat his prior and current sentences as a single sentence for purposes of calculating the time he would be required to serve, and (2) he is entitled to receive credit against his current sentences for

4

all the time he has spent in custody since his arrest on the weapons charge. (Pet'r's Mem. at 6-7). Smith seeks an order directing the BOP to credit his sentences accordingly. (Pet. at 4).

On January, 5, 2012, in response to the Petition, the BOP again reviewed its computation of Smith's current sentences. (Melick Decl. ¶ 7). The BOP determined that its prior computation was accurate, noting that it was precluded from crediting against Smith's current sentences the time he spent in custody from June 2, 2004, through August 7, 2006, because that period of time already had been credited against his 2005 sentence for felony weapons possession. (Id. ¶ 8).

II.  Discussion

    A.  Applicability of Section 2241

A petition for a writ of habeas corpus filed by a federal inmate pursuant to 28 U.S.C. § 2241 is proper when the inmate is challenging the post-conviction execution of his sentence, rather than its legality. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Prior to seeking relief under Section 2241, however, the petitioner is required to exhaust all administrative remedies. United States v. Wilson, 503 U.S. 329, 335 (1992); Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994). Here, the Respondent agrees that Smith has fully exhausted his administrative remedies. (ECF No. 11 ("Resp't's Mem.") at 4). Accordingly, the Court can address the merits of Smith's claim.

B.   Prior Custody Credit

1.   Section 3585(b)

Section 3585(b) provides that

a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Section 3585(b) (emphasis added). Thus, an inmate is entitled to receive credit against a sentence for any period of time spent in custody prior to its commencement, provided that a credit for that same time period has not already been applied against another sentence. The authority to determine and calculate prior custody credit rests with the BOP. Wilson, 503 U.S. at 335 ("the Attorney General, through BOP, is responsible for administering sentences"). When calculating the appropriate amount of prior custody credit, if any, the BOP consequently must consider whether detention time has already been credited against another sentence. Id. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

2. Application of Law to Facts

Smith asserts that his prior and current sentences should be treated as a single sentence for purposes of calculating prior custody credit because the criminal conduct underlying his prior weapons possession and current racketeering sentences stemmed from the same conduct. As the Respondent correctly notes, however, Section 3585(b) precludes the BOP from granting credit for time previously spent in custody when a credit for that same time period already has been applied against another sentence. (See Resp't's Mem. at 7, 8). Here, the period of June 2, 2004, through August 7, 2006, for which Smith seeks credit, already has been applied against Smith's 2005 sentence. Accordingly, as a matter of law, it cannot also be applied against Smith's current sentences.

As the Respondent further correctly notes, the Petition appears not to be based on Section 3585(b), but on Section 5G1.3 of the United States Sentencing Guidelines Manual, which authorizes a district court to take into account when imposing sentence time previously served for another crime that constitutes "relevant conduct to the instant offense of the conviction." (See Resp't's Mem. at 8 (citing U.S. Sentencing Guidelines Manual § 5G1.3)). Smith therefore could have argued before Judge Townes that a reduction in the length of his concurrent sentences was appropriate. Whether he did so or not, neither the Sentencing Guidelines nor Section 3585(b) authorizes the BOP to make such an adjustment once sentence has been imposed. Indeed, Section 3585(b)

7

makes clear that the BOP cannot credit against a current sentence time that previously has been credited against another sentence. Smith's Petition therefore is meritless.

III.  Conclusion

For the foregoing reasons, the Petition should be denied.

IV.  Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must, within fourteen days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Richard J. Sullivan, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, NY 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Sullivan. Any failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:  New York, New York
July 2, 2012

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Alicia M. Simmons
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007

Michael O. Hueston, Esq.
16 Court Street, Suite 3301
Brooklyn, New York 11241